[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10797
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20781-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AHMED FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 8, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Ahmed Fernandez appeals his 60-month sentence, imposed above the Sentencing Guidelines range, after pleading guilty to breaking and entering carrier facilities with intent to commit larceny in violation of 18 U.S.C. § 2117.  He raises two issues on appeal, which we address in turn.  After review,[1] we affirm Fernandez's sentence.

## I. DISCUSSION

### A. Procedural Reasonableness

Fernandez first contends his sentence is procedurally unreasonable because the district court failed to explain why it imposed a sentence above the Sentencing Guidelines recommendation.  *See Gall v. United States*, 552 U.S. 38, 51 (2007) ("[The appellate court] must ensure that the district court committed no significant procedural error, such as . . . failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range.").

Fernandez has the burden of demonstrating his sentence was unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  He has not met it. The district court adequately explained its reasons for choosing a sentence outside the range set by the Guidelines, taking into due account the considerations presented by § 3553(a).  It explicitly invoked § 3553(a) and stated that Fernandez's

---

[1] We review the reasonableness of a sentence under the deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (en banc).

2

past criminality and his recidivism, the need to promote respect for the law, and the need to protect the public motivated it to increase the sentence. *See* 18 U.S.C. § 3553(a)(2). The court dwelt at length on Fernandez's criminal record and discussed in detail its view that the Guidelines failed to take into account the number and gravity of Fernandez's past crimes. *See* 18 U.S.C. § 3553(a)(1); *see also United States v. Williams*, 526 F.3d 1312, 1322-23 (11th Cir. 2008) (holding a sentence to be reasonable where the sentencing court explained why it attached great weight to one § 3553(a) factor). Further, it acknowledged Fernandez's acceptance of responsibility and guilty plea and considered them as possible mitigating factors. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). The record belies Fernandez's suggestion the sentencing court's explanation was inadequate. The court's thorough discussion of its reasons for its upward variance provided ample opportunity for appellate review and Fernandez's sentence is procedurally reasonable. *Gall*, 552 U.S. at 50 ("[The district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.").

3

*B. Substantive Reasonableness*

Second, Fernandez asserts his sentence is substantively unreasonable in light of the applicable 18 U.S.C. § 3553(a) factors.  We examine whether the sentence was substantively reasonable bearing in mind the totality of the circumstances, including the extent of any variance.  *See Gall*, 552 U.S. at 51.  A court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  The district court did not err in any of these respects.

Fernandez has failed show his sentence is substantively unreasonable in light of the record and the § 3553(a) factors, as it was his burden to do.  *See Tome*, 611 F.3d at 1378.  The district court reviewed Fernandez's past and concurrent criminal conduct, including his repeated DUIs, driver's license violations, sexual battery, strong-arm robberies and other thefts, and his pending state court charges.  The court expressly considered the components of § 3553(a).  It then varied Fernandez's Guidelines-recommended sentence upward in order to, in the court's words, "protect the public from [Fernandez's] future crimes" and to "provide just punishment for an offense one after the other."  *Cf.* 18 U.S.C. § 3553(a)(2)(A), (C).  Although district court gave comparatively deeper scrutiny to Fernandez's criminal

record, it was free to attach great weight to any single § 3553 factor, even to the point of significant reliance on it. *Gall*, 552 U.S. at 57 (approving of district court's heavy emphasis on the defendant's efforts at rehabilitation); *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) ("[S]ignificant reliance on one factor does not necessarily render a sentence unreasonable."); *see also United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court . . . .") (citations and internal quotations omitted).

That Fernandez's sentence was set outside the Guidelines range entails no presumption of unreasonableness. *Irizarry v. United States*, 553 U.S. 708, 714 (2008). Further, the 60-month sentence was well below the statutory maximum of 10 years, which is another indication it was reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding the sentence was reasonable in part because it was below the statutory maximum).

In light of the above, the record does not leave a "definite and firm conviction that the district court committed a clear error of judgment" in weighing the § 3553(a) factors. *Irey*, 612 F.3d at 1190.

## II. CONCLUSION

Accordingly, we affirm Fernandez's sentence.

**AFFIRMED**.